UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GERALD JOSEPH LOVOI, derivatively on behalf of CVS HEALTH CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO AGUIRRE, MARK T. BERTOLINI, RICHARD M. BRACKEN, C. DAVID BROWN II, ALECIA A. DeCOUDREAUX, NANCY-ANN M. DePARLE, DAVID W. DORMAN, ROGER N. FARAH, ANNE M. FINUCANE, ROBERT O. KRAFT, EDWARD J. LUDWIG, LARRY J. MERLO, JEAN-PIERRE MILLON, MARY L. SCHAPIRO, RICHARD J. SWIFT, WILLIAM C. WELDON, TONY L. WHITE,<br><br>Defendants. | No. 1:20-cv-00024-MSM-PAS |

**STIPULATION AND [PROPOSED] ORDER**

WHEREAS on January 16, Plaintiff Gerald Joseph Lovoi ("Plaintiff") filed the above-captioned complaint in this Court (the "Complaint") asserting breach-of-fiduciary duty claims and claims pursuant to Sections 14 of the Securities Exchange Act of 1934, derivatively on behalf of CVS Health Corporation against Fernando Aguirre, Mark Bertolini, Eva Boratto, Richard Bracken, David Brown, Alecia DeCoudreaux, David Denton, Nancy-Ann DeParle, David Dorman, Anne Finucane, Roger Farah, Robert Kraft, Edward Ludwig, Larry Merlo, Jean-Pierre Millon, Jonathan Roberts, Mary Schapiro, Richard Swift, Tony White, and William Weldon (collectively, "Defendants") (the "Action");

WHEREAS, the undersigned counsel is authorized to and hereby does accept service of the Summons and Complaint on behalf of Defendants;

WHEREAS, Defendants expressly reserve all defenses, including objections to the Court's jurisdiction, and nothing in this Stipulation shall be construed as a waiver of any defense available to them;

WHEREAS, this Action is substantially related to other putative class actions currently pending in this Court, *Anarkat v. CVS Health Corp. et al*, Case No. 1:19-cv-00437 (D.R.I.) and *Waterford Township Police & Fire Retirement System v. CVS Health Corp. et al.*, Case No. 1:19-cv-00434 (D.R.I.) (together the "Securities Actions");

WHEREAS, the parties agree that a stay of this Action pending resolution of the Securities Actions is an appropriate mechanism to litigate this Action because the current Action in large part depends upon the outcome of the Securities Actions;

NOW THEREFORE, it is hereby STIPULATED and AGREED by and between the undersigned counsel as follows:

1. This action and any and all deadlines in this action shall be stayed pending the resolution of the Securities Actions, including the exhaustion of any and all appeals in those actions—and consistent with the paragraphs below.

2. Consistent with Paragraph 1, Defendants are not required to respond to the Complaint in this Action.

3. Notwithstanding the stay, Plaintiff shall be permitted to file an amended complaint during the pendency of the stay. Defendants shall be under no obligation to respond to any complaint, including any amended complaint, while the stay is in effect.

4. With regard to the Complaint in this Action, and with regard to any amendment

or supplement to the complaint (including any amended complaint) that concerns the acts or transactions alleged in the original complaint, or that asserts new legal theories of recovery based upon the acts or transactions that formed the substance of the original complaint, any challenge to Plaintiff's standing to maintain the derivative actions on the ground that Plaintiff has failed to show that a pre-litigation demand on the CVS's Board of Directors ("Board") would have been futile shall be determined based on the membership of the Company's Board on the date Plaintiff filed his original complaint, January 16, 2020.  With regard to any amendment or supplement to the complaint (including any amended complaint) that concerns any subsequent acts or transactions, a challenge to Plaintiff's standing shall be determined based on the membership of the Company's Board as of the date of such amendment.

5. During the pendency of the stay, Defendants will provide Plaintiff with reasonable notice in the event a shareholder makes a derivative litigation demand, a books and record demand, or files any lawsuit asserting derivative claims on behalf of CVS Health that are similar to the claims asserted in the complaint.

6. Should a lawsuit asserting similar derivative claims on behalf of CVS Health be filed during the pendency of the stay, and should the plaintiff in any such action refuse to stay that later-filed lawsuit, any Party may lift the stay in this Action by providing 10 days' written notice to all Parties and to the Court.

7. The fact that the Parties have entered into this stay shall not be used in any way to prejudice any of the Parties in this Action.

8. Within fourteen (14) days of the resolution of the Securities Actions, the parties in this Action shall meet and confer regarding future case scheduling and will submit an update on the status of the case or a proposed scheduling stipulation for this Court's review and

approval.

9. If discovery proceeds in the Securities Action (or if documents are produced pursuant to a books and record demand), Defendants shall make available to Plaintiff, subject to entry of an appropriate protective order and the other provisions of this Stipulation: (i) copies of all documents and written responses produced to the Securities Actions plaintiffs in the form and manner in which such documents are produced to the Securities Actions plaintiffs; (ii) all written agreements regarding the scope of discovery to be produced by Defendants in the Securities Actions; and (iii) all deposition transcripts in the Securities Actions. This Stipulation is intended to facilitate coordination and to avoid, to the extent practicable, duplicative discovery. Defendants will provide the materials set forth in this paragraph to Plaintiff within thirty (30) days of providing them to the Securities Actions plaintiffs in the case of (i) and (ii) and thirty (30) days of receiving the final transcript in the case of (iii). The same terms apply to any productions pursuant to a books and record demand.

10. In the event the parties in the Securities Actions and/or any related filed or threatened derivative actions engage in formal settlement talks or mediation, Defendants will so notify Plaintiff so that Plaintiff may seek to participate or initiate separate formal settlement talks or mediation concerning this Action.

Dated: March 25, 2020

| | |
|---|---|
| **ROWLEY LAW PLLC** | **WHELAN CORRENTE & FLANDERS LLP** |
| By: */s/ Shane T. Rowley* <br> Shane T. Rowley <br> Danielle Rowland Lindahl <br> 50 Main Street, Suite 1000 <br> White Plains, NY  10606 <br> Telephone: (914) 400-1920 <br> Facsimile: (914) 301-3514 <br> srowley@rowleylawpllc.com <br> drl@rowleylawpllc.com | By:  */s/ Robert C. Corrente* <br>  Robert C. Corrente (R.I. Bar No. 2632) <br>  100 Westminster Street, Suite 710 <br>  Providence, RI 02903 <br>  Telephone: (401) 270-1333 <br>  Facsimile:  (401) 270-3760 <br>  rcorrente@whelancorrente.com |
| **HIGGINS CAVANAGH & COONEY, LLP** | **WILLIAMS & CONNOLLY LLP** |
| By:  */s/ Stephen P. Cooney* <br>   Stephen P. Cooney (R.I. Bar No. 6803) <br>   100 Dorrance Street, Suite 400 <br>   Providence, RI 02903 <br>   Telephone: (401) 272-3500 <br>   Facsimile:  (401) 273-8780 <br>   scooney@hcc-law.com <br> <br>   *Attorneys for Plaintiff Lovoi* | Steven M. Farina (*PHV forthcoming*) <br> Amanda M. MacDonald (*PHV forthcoming*) <br> Michael J. Mestitz (*PHV forthcoming*) <br> Elizabeth Wilson (*PHV forthcoming*) <br> 725 Twelfth Street, N.W. <br> Washington, D.C.  20005 <br> Telephone: (202) 434-5000 <br> Facsimile: (202) 434-5029 <br> sfarina@wc.com <br> amacdonald@wc.com <br> mmestitz@wc.com <br> ewilson@wc.com <br> <br> *Attorneys for Defendants CVS Health Corporation, Eva Boratto, Richard Bracken, David Brown, Alecia DeCoudreaux, David Denton, Nancy-Ann DeParle, David Dorman, Anne Finucane, Robert Kraft, Larry Merlo, Jean-Pierre Millon, Jonathan Roberts, Mary Schapiro, Richard Swift, Tony White, and William Weldon* |

**CERVENKA GREEN & DUCHARME LLC**

By: */s/ Rachelle Green*
Rachelle Green (R.I. Bar No. 5870)
235 Promenade Street, Suite 475
Providence, RI 02908
Tel:  (401) 214-1020
rgreen@cgdesq.com


**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Daniel J. Kramer (*pro hac vice* forthcoming)
Geoffrey Chepiga (*pro hac vice* forthcoming)
James H. Borod (*pro hac vice* forthcoming)
1285 Avenue of the Americas
New York, N.Y.  10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
dkramer@paulweiss.com
gchepiga@paulweiss.com
jborod@paulweiss.com

*Attorneys for Defendants Fernando Aguirre, Mark Bertolini, Roger Farah, and Edward Ludwig*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March 2020, I electronically filed the above STIPULATION AND [PROPOSED] ORDER with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

>*/s/ Brenda L Rice*_____
>Brenda L Rice

**SO ORDERED.**

Date:   Providence, Rhode Island

_____, 2020

>_____
>Honorable Mary S. McElroy
>United States District Judge